NOT FOR PUBLICATION                                                                                    CLOSED

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CHARLES MARSALA, Individually, and on Behalf of RESOURCE MANAGEMENT SERVICES, : : : | |
| : | Civil Action No. 04-4348 (FSH) |
| Plaintiff, : | |
| : | |
| v. : | |
| : | **OPINION & ORDER** |
| DUN & BRADSTREET, DUN & BRADSTREET RECEIVABLE MANAGEMENT SERVICE, FORREST OLD and DAVE HUEBNER, : : : : | |
| : | March 30, 2007 |
| Defendants. : | |

**HOCHBERG, District Judge.**

   This matter comes before the Court upon Defendants' Motion to Dismiss Plaintiffs' Amended Complaint for, inter alia,[1] lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1);[2] and the Court having considered the parties' written submissions without oral

---

   [1] Defendants' motion also argued that the Amended Complaint should be dismissed because Plaintiff lacks standing to assert claims on behalf of Resource Management Services, LLC; and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim based on statutes in California, Hawaii, Oregon, Idaho, Arizona Utah, New Jersey, as well as for failure to state a claim based on the common law doctrines of tortious interference with economic advantage, tortious interference with contract, negligent misrepresentation, breach of fiduciary duty, breach of the implied covenant of good faith and fair duty, and breach of contract. Plaintiff, in his responsive pleading, withdrew the Counts in his Amended Complaint alleging violations of Oregon, Arizona and Utah statutes.

   [2] Defendants' brief fails to mention Fed. R. Civ. P. 12(b)(1); instead, Defendants appear to cite incorrectly to Fed. R. Civ. P. 12(b)(3). However, Defendants clearly argue that the Amended Complaint "should be dismissed for lack of subject matter jurisdiction" and correctly cites to 28 U.S.C. § 1332, the statute governing diversity of citizenship of the parties. See

1

argument pursuant to Fed. R. Civ. P. 78; and

it appearing that Plaintiff asserts in his Amended Complaint that the basis for subject matter jurisdiction in this case is diversity of the citizenship of the parties pursuant to 28 U.S.C. § 1332(a)(1);

it appearing that "[t]he party asserting diversity jurisdiction bears the burden of proof," see McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. 2006); and

it appearing that Plaintiff has alleged no facts supporting diversity jurisdiction in his Amended Complaint or its accompanying affidavit; and

it appearing that Defendants raised the question of diversity jurisdiction in their Motion to Dismiss and Plaintiff failed to respond to Defendants' argument or supplement his pleadings with additional facts;

**IT IS** on this 30th day of March, 2007,

**ORDERED** that the Defendants' Motion to Dismiss is **GRANTED** on the ground that the Plaintiff failed to meet his burden with regard for diversity jurisdiction; and it is further

**ORDERED** that this case is **DISMISSED** without prejudice.

/s/ Faith S. Hochberg
Hon. Faith S. Hochberg, U.S.D.J.

---

Defendants' Memorandum of Law in Support of Motion to Dismiss at 7.